# EXHIBIT A

| | | |
|---|---|---|
| STATE OF INDIANA | )<br>) SS:<br>) | IN THE ALLEN SUPERIOR COURT<br>**02D09-2011-CT-000544**<br>CAUSE NO. _Allen Superior Court 9_____ |
| COUNTY OF ALLEN | | |

BARTINA WORTHAM, )
)
Plaintiff, )
)
v. )
)
RED RIVER WASTE SOLUTIONS, L.P., )
)
Defendant. )

## COMPLAINT

Plaintiff alleges against Defendant that:

1. Plaintiff Bartina Wortham is a resident of Allen County in the State of Indiana, and on November 13, 2018, filed a Charge of Discrimination with the EEOC, No. 470-2019-00554, a copy of which is attached hereto and made a part hereof as Exhibit "A". The Notice of Rights to Sue was issued on August 11, 2020, a copy of which is attached hereto as Exhibit "B", and this Complaint has been filed within ninety (90) days after receipt thereof.

2. Defendant Red River Waste Solutions, L.P. ("Red River") is a company doing business at 5252 Old Maumee Road, Fort Wayne, Indiana 46803. Red River is believed to be headquartered at 4004 East U.S. Highway 290, Dripping Springs, Texas 78620. Defendant is an "employer" for the purposes of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12111 *et seq.* ("ADA") as amended by the ADAAA of 2008.

3. Plaintiff contends that she was discriminated against and discharged on account of her disability in violation of the ADA. Plaintiff suffered significant thyroid problems

–1–

which required surgery and after care which substantially impaired Plaintiff's everyday life activities of coordination, usage of muscles, fatigue, dizziness, lethargy, sleepiness, failure to grip with her hands while working, and other everyday life activities. Plaintiff was a qualified individual with a disability in that she could, either with or without reasonable accommodations, perform the essential functions of her job. Furthermore, Plaintiff alleges that she was discriminated against as a result of her record of impairment and that the Defendant perceived and regarded Plaintiff as being disabled. Defendant failed to engage in the interactive process with the Plaintiff and failed to provide Plaintiff reasonable accommodations. Finally, Defendant fired Plaintiff for engaging in the interactive process (requesting medical leave), and then taking the reasonable accommodation offered by Defendant (terminating Plaintiff for utilizing medical leave that Defendant granted her as a reasonable accommodation).

4. Plaintiff contends that she was discriminated against because of her disability, denied participation in the interactive process, denied reasonable accommodations, was retaliated against, and suffered a retaliatory discharge, all based upon the facts and allegations set forth in her EEOC Charge of Discrimination attached as Exhibit "A".

5. As a direct and proximate result of Defendant's conduct, Plaintiff lost her job and job-related benefits including income for which she seeks compensatory damages. The actions of the Defendant were intentional and in reckless disregard of Plaintiff's federally protected civil rights under the ADA, and therefore Plaintiff is requesting punitive damages. Plaintiff also seeks compensatory damages for other emotional distress and mental anguish damages.

WHEREFORE, Plaintiff prays for judgment against the Defendant, for compensatory damages, punitive damages, reasonable attorney's fees and costs, and for all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

/s/Christopher C. Myers
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone: (260) 424-0600
Facsimile: (260) 424-0712
E-mail: cmyers@myers-law.com
Counsel for Plaintiff

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC 470-2019-00554 | |

**Equal Employment Opportunity Commission** and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Bartina Wortham | (937) 789-5292 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 2801 Raymond Street | Fort Wayne, IN 46803 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| Red River Waste Solutions | 20+ | 260-748-0883 |

| Street Address | City, State and ZIP Code |
|---|---|
| 5252 Old Maumee Road | Fort Wayne, IN 46806 |

| Name | No. Employees, Members | Phone No. (Include Area) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
ADA

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 04/2018    Latest: 08/25/2018
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. Complainant Bartina Wortham alleges that she was discriminated against, retaliated against, and discharged on account of her disability (thyroid problems requiring surgery and after care which substantially impaired Complainant's everyday life activities of coordination, usage of muscles, fatigue, light-headiness, lethargy/sleepiness, failure to grip the steering wheel and working). Respondent, Red River Waste Solutions is an "employer" for purposes of the Americans with Disabilities Act of 1990- 42 U.S.C. § 12111 et. seq. ("ADA"). Complainant alleges that she is a qualified individual with a disability in that she could, either with or without reasonable accommodations, perform the essential functions of her job. Complainant also alleges that Respondent discriminated because of her record of impairment and perceived and regarded Complainant as being disabled. Furthermore, Respondent failed to engage in the interactive process, and when Complainant requested the reasonable accommodation of reasonable time off work to rehabilitate so she could return to work and perform the essential functions of her job, Respondent denied that request for reasonable accommodations. For example, on August 17, 2018, Complainant was granted her leave for 4-to-6 weeks, and she would have been released on September 17, 2018—but after granting Complainant this reasonable accommodation, Respondent suddenly took it away and terminated her on August 25, 2018.

II. Complainant was terminated for pre-textual reasons under suspicious circumstances. While off work, Complainant did not get paid her last paycheck pursuant to the normal electronic pay procedure. So Complainant went to the employer's website and while there was informed for the first time that she was terminated, so Complainant went to the employer—physically and personally and talked to the employer representatives, but no one could explain to her how, why, or if she was terminated. In fact, her supervisor said that she was still hired. So Complainant went to her physician and got a Return To Work slip for September 17, 2018. Steve Polley (Regional Manager) tried to get Complainant rehired, but to no avail. At the time, Complainant was given no reason as to why she was terminated.

Ex. A

III. Complainant was a C.D.L. truck driver and began working for Respondent on February 5, 2018. Respondent terminated Complainant on August 25, 2018 for the pre-textual reasons of allegedly violating the attendance policy and for insubordination (failing to provide a doctor's note). However, Complainant was never made aware of the attendance policy by Respondent. Complainant became ill while working for Respondent and was diagnosed with thyroid cancer for which surgery was scheduled on August 21, 2018, and Complainant was approved for a leave of absence to begin August 17, 2018. After a meeting with Respondent on August 21, 2018, two hours later Complainant underwent surgery for her condition, and she was ordered to be off work by her physician for up to six weeks. Complainant was so substantially impaired that she could not walk or even pull herself up into the truck, and she was unable to drive while she recovered from surgery. On August 24, 2018, a co-worker contacted Complainant asking why she had been discharged, but Complainant did not know she had been discharged and contacted Respondent. Complainant spoke with her supervisor who told Complainant she had nothing to worry about. On August 25, 2018 when Complainant tried to log in to Respondent's pay system, it listed her status as "terminated". Again, the supervisor told Complainant to just bring in her documentation of her surgery. When Complainant obtained a note from her doctor that she had undergone surgery, and after her surgeon approved Complainant returning to work on September 17, 2018, Complainant took the release to return to work to Steve Polley who was going to ask the Corporate Office to rehire Complainant—but Complainant was never rehired.

IV. Respondent, and its agents and employees who terminated the Complainant and who discriminated against and retaliated against the Complainant for asserting her rights pursuant to the ADA, did so intentionally and in reckless disregard of Complainant's federally protected civil rights under the ADA. Complainant lost her job and job related benefits including income. She experienced financial distress, emotional distress, mental anguish, humiliation, embarrassment, inconvenience and other damages and injuries for which she seeks compensatory damages. Complainant also seeks punitive damages against the Respondent.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements<br><br>Susan C. Neff |
| I declare under penalty of perjury that the above is true and correct.<br><br>11-13-2018<br>Date / Charging Party Signature | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year)<br><br>November 13, 2018<br><br>SUSAN D. NEFF<br>Adams County<br>My Commission Expires<br>February 10, 2024 |

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Bartina Wortham
2801 Raymond Street
Fort Wayne, IN 46803

From: Indianapolis District Office
101 West Ohio Street
Suite 1900
Indianapolis, IN 46204

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 470-2019-00554 | Michelle D. Ware, Enforcement Supervisor | (463) 999-1184 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Michelle Eisele,
District Director

AUG 1 1 2020
(Date Mailed)

Enclosures(s)

cc: Jeffrey S. Beck
Red River Waste Solutions
c/o Faegre Baker Daniels LLP
300 N. Meridian St
Indianapolis, IN 46204

Christopher C. Myers
CHRISTOPHER C. MYERS & ASSOCIATES
809 South Calhoun Street
Suite 400
Fort Wayne, IN 46802

Ex. B

Filed: 11/6/2020 9:18 A
Cle
Allen County, India

STATE OF INDIANA

COUNTY OF ALLEN

IN THE ALLEN SUPERIOR COURT
Civil Division - Courthouse
715 South Calhoun Street, Room 201
Fort Wayne, IN 46802
Telephone: (260) 449-3491

**02D09-2011-CT-000544**
Allen Superior Court 9

BARTINA WORTHAM
Plaintiff

VS

RED RIVER WASTE SOLUTIONS, L.P.
Defendant

Case Number: _____

# SUMMONS

TO: Highest Ranking Officer
Red River Waste Solutions, L.P.
5252 Old Maumee Road
Fort Wayne, IN 46806

You have been sued by the person(s) named above. The claim made against you is attached to this summons; please examine all pages carefully. The "X" marked below indicates the time limit you have to **FILE YOUR ANSWER**.

__XX__ Certified Mail    You or your attorney must file a written answer to the claim within **TWENTY-THREE (23) DAYS**, commencing the day after you receive this summons, or judgment may be entered against you as claimed.

_____ Personal Service    You or your attorney must file a written answer to the claim within **TWENTY-THREE (23) DAYS**, commencing the day after you receive this summons, or judgment may be entered against you as claimed.

Your answer is considered filed the day it is received in the office of the **Clerk of the Allen Superior Court, Room 201, Allen County Courthouse, Fort Wayne, Indiana, 46802**. The method you choose to deliver your answer to the Clerk's Office is up to you; however, you should be able to prove you filed the answer. If you wish to file a claim against another party associated with this case, you must state it in your written answer.

If you are required to appear, the date, time and location will be shown on an attached Notice of Hearing form. **IF YOU FAIL TO APPEAR, A JUDGMENT MAY BE ENTERED AGAINST YOU.**

Dated: 11/6/2020

_Christopher M. Nancarrow_ RJ
**CHRISTOPHER M. NANCARROW**
CLERK OF THE ALLEN CIRCUIT AND SUPERIOR COURTS

Christopher C. Myers (PLAINTIFF)
Attorney / Party Preparing Summons (Party Represented)

(Seal) [ALLEN COUNTY CLERK SEAL INDIANA]

809 South Calhoun Street, Suite 400
Street Address

Fort Wayne, IN 46802
City, State, Zip Code

(260) 424-0600      10043-02
Telephone Number    Attorney Number

**MANNER OF SERVICE**
(To be completed by Party Preparing Summons)

**SHERIFF** shall serve this Summons as follows:
_____ personal service
_____ leaving a copy at dwelling or place of employment

**OTHER** manner of service:
__X__ attorney to serve
_____ private process server, _____
_____ other (describe in particular and note Trial Rule)

**CLERK** shall serve this Summons as follows:
_____ regular mail
_____ certified mail
_____ publication

08/2000    sum (CLK 298,fb)

**CERTIFIED MAIL**

I hereby certify, as indicated in the date issued field, that a copy of this document was sent to the named person(s) at the address(es) furnished, by registered/certified mail at Fort Wayne, Indiana, return receipt requested.

I hereby certify that service by registered/certified mail at Fort Wayne, Indiana, was attempted as required by law to the person and address stated on the return receipt attached; and that service ☐ was ☐ was not made, according to the information contained therein.

Date Issued: _____

Date Issued: _____

_____
Clerk of the Allen Circuit and Superior Courts

_____
Clerk of the Allen Circuit and Superior Courts

**ADMISSION OF SERVICE**

I received a copy of this Summons on this date _____ and at this location: _____

_____
Signature of Party

_____
Relationship (if not within named person)

**RETURN OF SERVICE BY SHERIFF OR OTHER OFFICER**
Enter the alphabetical letter in the space provided to indicate the type of service.

**I served a copy of this Summons as specified:** (_____)

READING / delivering a copy (A) to the within named party;

LEAVING A COPY for the within named party
    (B) with the spouse, named:
    (C) with a relative, named:
    (D) at the residence, located at:
    (E) with the employer, named: _____

    (E) with a secretary, named:
    (F) with the attorney, named:
    (H) with this person (other-specify):

Specify name of person, work supervisor, place of business, or location where copy was left.

**and (if applicable) by sending a copy of this document by first-class mail to the last known address of the within named person as indicated:**

_____
Last known address of person named in the document (or Change of Address)

**I did not serve a copy of this Summons because:** (_____)

(I) The party was NOT FOUND / NO SUCH ADDRESS.
(J) the document EXPIRED.
(K) the party AVOIDED service.
(L) the party REFUSED service.
(M) the party was NO LONGER EMPLOYED at the address.
(N) the document was RETURNED by the authority of the Plaintiff.
(O) the party is DECEASED.
(P) the party was UNKNOWN AT THAT ADDRESS.
(Q) the party was on SICK LEAVE / LAY OFF.

(R) the party was on VACATION.
(S) the party was NOT FOUND / VACANT.
(T) the party was NOT FOUND / MOVED.
(U) the party was NOT FOUND IN THIS BAILIWICK.
(V) INSUFFICIENT ADDRESS OR INFORMATION WAS GIVEN.
(W) they are NO LONGER IN BUSINESS.
(X) several attempts were made / UNABLE TO SERVE.
(Y) of the following reason (OTHER-specify):

**I AFFIRM, UNDER THE PENALTY OF PERJURY, THAT THE FOREGOING REPRESENTATIONS ARE TRUE.**

_____
Date Served / Attempted     Time Served / Attempted

_____
Signature of Sheriff of Allen County, Indiana (or other officer)

By: _____

_____
(Printed Name of Process Server)

Signature of Process Server

08/2000    sum (CLK 298.fb)